### Bonner, Appellant, *v.* Travelers Hotel Co., Inc., et al.

*Corporations—Promoters—Contract—Attorney's services—Repudiation of contract by company.*

Where one of several promoters of a corporation enters into a contract with an attorney-at-law to procure a charter, and agrees that he shall receive for this, and other services to the company, a

specified number of shares of its stock, such contract cannot be enforced, where the majority of the promoters, as well as the corporation itself, immediately upon its organization, not only refused to ratify the employment, but expressly repudiated it. Girard v. Case Bros. Cutlery Co., 225 Pa. 327, distinguished.

Argued January 10, 1923. Appeal, No. 77, Jan. T., 1923, by plaintiff, from decree of C. P. No. 4, Phila. Co., March T., 1920, No. 3609, dismissing bill in equity, in case of Robert F. Bonner v. Travelers Hotel Co., Inc., and William S. Adams. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Bill to compel issue of stock. Before FINLETTER, J. The opinion of the Supreme Court states the facts. Bill dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Robert P. Shick,* for appellant.—A company must take the benefits of a contract made by the promoters thereof cum onere, and make compensation therefor in accordance with the terms of the contract: Bells Gap R. R. Co. v. Christy, 79 Pa. 54; McBride v. Paper Co., 263 Pa. 345; Colonial Biscuit Co. v. Orcutt, 264 Pa. 40; Ramble v. Coal Co., 47 Pa. Superior Ct. 28; Auffmordt v. Volgler, 5 Pa. Dist. R. 261; Pennebaker v. R. R., 219 Pa. 60; Presbyterian Board v. Gilbee, 212 Pa. 310; Shannon v. Stevenson, 173 Pa. 419.

*John Weaver,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 26, 1923:
Plaintiff, an attorney, filed this bill against the Travelers Hotel Company and William S. Adams, to compel the issue to him, in return for services rendered, of shares of stock of the hotel company and the payment of expenses incurred by him in securing the incorporation

of the company.  The court below dismissed the bill. Plaintiff appealed.

The Bryson estate held leases on two hotels in the City of Philadelphia.  Desiring to dispose of their interests, plaintiff, as attorney for the executors of the estate, procured an agreement between the estate and Adams, one of defendants, whereby the latter agreed to purchase the leaseholds, together with the furniture and fixtures contained in both houses, upon terms specified.  To finance and operate the hotels, Bonner applied for and procured a charter for the Travelers Hotel Company, a codefendant, of which plaintiff, with Adams and another employee of the Bryson estate, were incorporators; to which corporation Adams proposed to turn over the leases procured from the estate.  On September 12, 1919, an organization meeting was held in plaintiff's office, among those present being William C. York and Charles J. Gibbony, who contemplated investing money in the corporation, also a representative of the Aldine Trust Company.  Plaintiff refused to produce the charter until one-eighth of the capital stock of the corporation was transferred to him, in accordance with an agreement between him and Adams, to pay for his services in organizing the corporation.  York and Gibbony both refused to subscribe for stock in the event of the agreement being carried out and the representative of the trust company also stated an acceptance of the agreement would prevent his company from furnishing financial support. Accordingly, a resolution was adopted at the meeting stating that the corporation refused to recognize plaintiff's claim and the hotel corporation would not take over the property of the Bryson estate if the executors insisted upon the arrangement between Adams and plaintiff being carried out.  Subsequent negotiations were had between the corporation and the Bryson estate and we find evidence that plaintiff admitted receiving instruction from the executors of the Bryson estate to proceed with the matter, irrespective of his claim for stock.  On

October 22d, another meeting of the directors of the corporation was held and the board voted to assume all the rights, privileges and liabilities of Adams, under the agreement between him and the Bryson estate for the purchase of the furniture and fixtures of the hotel properties. At this meeting plaintiff presented his resignation as a member of the board of directors and no further action was taken with respect to his claim for a portion of the stock. Subsequently, however, plaintiff renewed his demand for the shares and, upon refusal of the company to issue them to him, instituted the present proceeding.

It will be observed the agreement on which plaintiff bases his claim is a personal one between him and Adams. While Adams was a promoter of the corporation, he was not the only one interested and, in fact, others were providing the bulk of the money. They were not parties to the contract, however, and never ratified it, but, on the contrary, immediately repudiated it and refused to proceed further unless plaintiff's claim for the stock was withdrawn. The corporation, on its organization, likewise rejected the agreement and, by formal action of the board, declined to proceed further with the purchase of the property unless and until specifically understood that no claim by plaintiff would be recognized. The case is not one, therefore, of an agreement made by promoters for the benefit of the corporation and accepted by it upon its organization, but merely one made by an individual, who was one of the promoters, and which was expressly repudiated by the majority and subsequently by the corporation on its organization. Although the corporation subsequently took an assignment of the contract between Adams and the Bryson estate and assumed all obligations of Adams under the agreement, no obligation to plaintiff was included in the acceptance and the assignment was taken over only after repudiation of plaintiff's claim under his separate agreement with Adams. The principles of law applicable to

this state of facts are clearly stated in Bell's Gap Railroad Co. v. Christy, 79 Pa. 54, as follows (page 59): "It may very well be that where a number of persons not incorporated are yet informally associated together in the pursuit of a common object, and, with the intent to procure a charter in the furtherance of their design, they may authorize certain acts to be done by one or more of their number, with an understanding that compensation shall be made therefor by the company when fully formed. And if such acts are necessary to the organization and its objects, and are subsequently accepted by the company, and the benefits thereof enjoyed by them, they must take such benefits cum onere, and make compensation therefor. But the projectors or promoters of the enterprise within the meaning of the rule referred to, evidently must be a majority at least of such persons, and not one, two, or three, or a small minority thereof. Such minority can have no more authority to bind the association or corporation in its incipient or inchoate condition than they would have to bind it if fully organized. In this case the two or three persons who it is alleged promised the plaintiff to see him paid, bound no one but themselves. They had no authority to speak for any one else. In the absence of any such authority and of any satisfactory proof that the result of the plaintiff's labor and expenditures was accepted and enjoyed by the corporation, that it used the plaintiff's survey or located its road upon any considerable portion of the line thereof, the court below should have instructed the jury that the defendants were not liable. It is to be observed that in all cases which were brought to the attention of the court, the services were either performed after the charter had been obtained, and there was therefore an inchoate corporation, or there was an informal organization, as in the case cited in 7 Eng. Law & Eq. Rep., preparatory to obtaining a charter, and the employment was authorized by the organization as such, and was not the mere employment by individuals having no authority, express or implied, to contract for any one."

The above case was followed in Tift v. Quaker City National Bank, 141 Pa. 550, where a claim for services rendered at the request of a single promoter was rejected and it was held the court rightly excluded testimony that, at a meeting of the board of directors, after incorporation, the claim of plaintiff was called to the attention of the board and no objection was made, because such evidence, if received, was not sufficient to show a ratification of plaintiff's employment. The court, in a per curiam opinion, said (page 553): "The promise was made by a single promoter and there is no evidence of subsequent ratification by the corporation." In Girard v. Case Bros. Cutlery Company, 225 Pa. 327, an agreement by the promoters of a company that certain officers of an old corporation should become officers of a new corporation, was held enforceable against the new company when organized, but the agreement there was by the majority of the promoters and hence constituted their formal action and there was no official action by the corporation disapproving the contract. The case is, consequently, not authority here, where the facts, as pointed out above, are entirely different.

The present case, on its facts, is almost identical with Tift v. Bank, supra, because here the services were rendered at the request of a single promoter; but we have here a further fact, to wit, that the majority of the promoters, as well as the corporation, immediately upon its organization, not only refused to ratify the employment, but expressly repudiated it. The contract was accepted and the property taken over on the express condition that no liability to plaintiff was to be assumed by the company.

Under the circumstances, plaintiff must seek relief from the person with whom he contracted. The findings are fully supported by the evidence and the court below did not err in dismissing the bill.

The decree is affirmed at plaintiff's costs.