## Moskowitz *v.* A. B. Kirschbaum Company, Appellant.

*Contracts—Contracts of employment—Partnership—Notice to partner in course of firms business—Corporations—Adoption of contracts.*

In an action of assumpsit for wages on a written contract of employment, it appeared that in 1903 plaintiff was employed by a firm composed of four partners and that in 1911 one of the partners gave him a written contract of employment which had been signed by another partner. By the terms of the contract plaintiff was entitled to sixty days notice of the termination of his employment. In 1912 the four partners (and perhaps others) formed the defendant corporation which took over the business theretofore conducted by the partnership and the partners became the execu-

tive officers of the corporation. In 1915 plaintiff first learned of the incorporation and in 1923 he was discharged on two weeks notice.

Under such circumstances all the executive officers of the corporation had legal knowledge of the contract from the beginning, and having failed to notify plaintiff that the corporation would not be bound by it, the corporation is now responsible and the plaintiff is entitled to recover.

Notice to one partner in the legitimate course of the firm's business is notice to all the partners.

Argued October 19, 1926. Appeal No. 219, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, May T., 1925, No. 1049, in the case of Samuel Moskowitz v. A. B. Kirschbaum Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit for wages on a written contract of employment. Before KNOWLES and GLASS, JJ.

The contract in question was as follows:

"This Agreement Witnesseth that the firm of A. B. Kirschbaum & Company hereby agrees to employ S. Moskowitz on the same terms and conditions as heretofore and should they contemplate any changes that would dispense with his services, they agree hereby to give said S. Moskowitz sixty days notice of such intentions, he to remain in the employ of A. B. Kirschbaum & Company until the end of the sixty days.

"S. Moskowitz agrees also herewith to give the the firm of A. B. Kirschbaum & Company sixty days notice of his desire to terminate this agreement.

"In Witness Whereof we have hereunto signed our name and affixed our seal this 8th day of May A. D. 1911.

Signed, sealed and delivered in the presence of

(*Signed*)  A. B. KIRSCHBAUM & Co."

Verdict for plaintiff in the sum of $1177. and judgment thereon. Defendant appealed.

*Error assigned,* among others was the refusal of judgment n. o. v.

*James Wilson Bayard,* of *Evans, Bayard & Frick,* for appellant.

*William A. Gray,* for appellee.

OPINION BY LINN, J., December 15, 1926:

The only question is whether appellant's motion for binding instructions should have been granted. There is no dispute of fact; the parties differ only concerning the effect of the evidence.

Plaintiff was employed in 1903 by a firm composed of four partners. In 1911 he wished to leave but was induced to remain by one of the partners who gave him the written contract of employment appearing in the reporter's statement of the case; this had been signed in the firm name by another partner. In 1912 the four partners (and perhaps others) formed the defendant corporation which took over the business theretofore conducted by the partnership. In 1915, plaintiff first learned of the incorporation. In 1923, he was discharged on two weeks' notice; he asserted that his contract entitled him to 60 days' notice; defendant replied that it was not bound by the contract originally made by the partnership. Plaintiff sued for his wages for the difference in time and the jury found for him.

Defendant offered evidence that when it purchased the business and property of the partnership, it formally adopted only three of the contracts of employment theretofore made by the partnership, and that plaintiff's was not among them. The four partners became and have remained respectively President, 1st Vice President, 2nd Vice President, and Secretary and Treasurer of the defendant corporation.

Plaintiff's position is that he has shown that the corporation became bound to comply with the conditions of the contract. Appellant's position is that as only two of the four partners had knowledge of the conditions of employment, the corporation is not bound to perform them and for that position cases are cited holding that a corporation is not responsible for its promoters' contracts unless a majority of the corporation's promoters created the obligation and the corporation accepted the benefits of the contract or otherwise adopted it: Bonner v. Travelers Hotel Co. Inc., 276 Pa. 492, and cases cited p. 497.

If appellant's premises were true the result might follow, but the argument disregards the partnership relation and its consequences. Promoters are not partners (unless by special contract: 14 C. J. 254, sec. 287) whereas plaintiff's contract was with partners; though only two partners are shown to have had actual knowledge of his contract, what they know in the legitimate course of the firm business—and this contract was—the other partners also know: Thompson v. ·Christie, 138 Pa. 230, 248; Adams v. Ashman, 203 Pa. 536, and case cited p. 541; 30 Cyc. 530, sec. 19. All four executive officers therefore had legal knowledge of the contract from the beginning and not having notified plaintiff that the corporation would not be bound by it, must in the circumstances disclosed in the record, now perform its obligation.

Defendant's motion was therefore properly refused. Judgment affirmed.