Statement of Facts.

B. E. TIFT v. QUAKER CITY N. BANK.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued April 2, 1891—Decided April 13, 1891.

1. The promise of a single promoter of a national bank, made prior to incorporation, that the plaintiff should be paid for services to be rendered in procuring subscriptions to the capital stock, will impose no liability upon the bank after incorporation.
2. Testimony that, at a meeting of the board of directors, after incorporation, the claim of the plaintiff was called to the attention of the board as a liability, and was not objected to, is not sufficient evidence of a ratification of plaintiff's employment.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 160 January Term 1891, Sup. Ct.; court below, No. 144 March Term 1890, C. P. No. 4.

On February 13, 1890, Barton E. Tift brought assumpsit against the Quaker City National Bank, to recover for services rendered. Issue.

At the trial, on April 8, 1890, it was shown that on March 14, 1889, a preliminary organization of the defendant bank was effected, a name selected, and a board of directors chosen, Joseph G. Ditman being made president, and Joseph Leedom, vice-president. Articles of association under the national banking act were signed on May 29th, and on June 1st the certificate of the controller of the currency, authorizing the bank to commence business, was issued.

The plaintiff testified that in March, 1889, he was introduced to Mr. D tman, who asked him to obtain subscribers to the stock of the bank, and said he would see that the bank when organized would pay him liberally for his services; that in pursuance thereof the plaintiff obtained subscriptions to over three hundred shares of stock; that, after the bank was opened and doing business, Mr. Ditman, then president of the bank, said to the plaintiff that he should be paid liberally, but should

wait until the bank made some money; that the president then asked the plaintiff to obtain depositors, and said the bank would pay him for that as well as for the services already rendered. For his services in obtaining subscribers to stock, the plaintiff claimed $500; for obtaining depositors, $300.

Joseph Leedom, being called, plaintiff's counsel offered to prove by the witness that at a regular meeting of the board of directors of the defendant bank, at which the witness was present, the president called the attention of the board to the fact that the bank was indebted to Mr. Tift for his services rendered in the organization of the bank, " and that the members of the board assented to the validity of the claim, and did not object to it." Objected to.

By the court: Offer overruled; exception.[1]

At the close of the testimony, the court instructed the jury to find for the defendant.[2]

The jury returned a verdict for the defendant as directed.

A rule for a new trial having been argued, the court, ARNOLD, J., on July 5, 1890, filed an opinion, in part as follows:

That a corporation of any kind may adopt and ratify the unauthorized act of any person assuming to act in its behalf, is undoubted law: McKnight v. Pittsburgh, 91 Pa. 273; Supervisors v. Schenck, 5 Wall. 772. In the case of a claim for which the party would not be liable except by ratification, it is essential that he should have full knowledge of all the facts and circumstances, and that he should know that he would not be bound without a ratification: Pitts. etc. R. Co. v. Gazzam, 32 Pa. 340; Bennecke v. Insurance Co., 105 U. S. 355. In cases of claims against corporations for outlays and services to the preliminary organization, the services must be rendered at the instance and request of a majority of the promoters; a minority cannot bind the organization: Bell's Gap R. Co. v. Christy, 79 Pa. 54. Here the services were rendered at the request of only one person. The contract to be ratified must be one within the scope of the business of the corporation; for it can no more ratify an illegal act than it can do such an act in the first instance: Supervisors v. Schenck, supra. It is very doubtful whether a bank can ratify a contract of its promoters to pay for obtaining subscribers to its capital stock: Taylor on Corp., § 86.

Opinion of the Court.

If the value of such services is to be settled by a jury, the capital of the bank might be impaired at the outset. But, if it could ratify such a contract, the proof of ratification must be more positive than was offered in this case. Mere silence of the board of directors, or failure to object when the claim was mentioned, is not such an act of ratification as will bind the bank.

To the second part of the plaintiff's claim, for obtaining depositors, it is sufficient to say that even if the bank could make such a contract, the president could not do so, without previous authority by the board of directors. The fact that the bank reaped some advantage from the unauthorized contract, makes no difference: First N. Bank v. Hoch, 89 Pa. 324; Twelfth St. Market Co. v. Jackson, 102 Pa. 269.

Rule discharged.

—Thereupon, the plaintiff took this appeal, assigning for error:

1. The refusal of the plaintiff's offer.[1]

2. The instruction to find for the defendant.[2]

*Mr. Warren G. Griffith*, for the appellant.

Counsel cited: Rev. St. U. S., § 5145; Bell's Gap R. Co. v. Christy, 79 Pa. 54; Bank of Penna. v. Reed, 1 W. & S. 101; Gordon v. Preston, 1 W. 385; Bank of U. S. v. Dandridge, 12 Wheat. 64; Bank v. Patterson, 7 Cranch 299; First N. Bank v. Hoch, 89 Pa. 324; Twelfth St. Market Co. v. Jackson, 102 Pa. 269.

*Mr. Edward P. Allinson* (with him *Mr. Boies Penrose*), for the appellee.

Counsel cited: 1 Morse on Banks and Banking, § 144; First N. Bank v. Exchange Bank, 2 Otto 122; Fowler v. Scully, 72 Pa. 456; First N. Bank v. Hoch, 89 Pa. 324; Citizens Bank v. Keim, 10 Phila. 311; Allegheny Co. Workhouse v. Moore, 95 Pa. 412; Morawetz on Corp., §§ 2, 3, 4; Taylor on Corp., §§ 85, 87, 90.

PER CURIAM:

The promise of Mr. Ditman that the plaintiff should be compensated for procuring subscriptions to the stock of the bank, bound no one but himself. It is true it was said in Bell's Gap R.

Co. v. Christy, 79 Pa. 54, that where a number of persons, not incorporated, but associated for a common object intending to procure a charter, authorize acts to be done in furtherance of their object by one of their number with the understanding that he shall be compensated, if such acts were necessary to the organization and its objects, and are accepted by the corporation and the benefits enjoyed, they must be taken cum onere and be compensated for. But it was also said that the promoters of the enterprise must be a majority. In the case in hand, the promise was made by a single promoter, and there is no evidence of a subsequent ratification by the corporation. The evidence referred to in the first assignment, if admitted by the court, would not have amounted to a ratification. It was not error to instruct the jury in favor of the defendant. The plaintiff's case had failed.

Judgment affirmed.

