## Girard *v.* Case Brothers Cutlery Company, Appellant.

*Corporations—Promoters—Contract of employment—Ratification.*

Where the officers and stockholders of a corporation and the members of a partnership agree to form a new corporation to take over the business of the two concerns, and the promoters agree that one of the paid officers of the old corporation shall become a paid officer of the new corporation, and after the new corporation is organized such officer assumes his new office and performs its duties, the contract of employment is binding upon the new corporation unless it is renounced and disapproved by its directors.

Argued May 3, 1909. Appeal, No. 341, Jan. T., 1908, by

defendant, from judgment of C. P. McKean Co., Oct. T., 1907, No. 93, on verdict for plaintiff in case of Charles L. Girard v. Case Bros. Cutlery Company. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit on a contract of employment. Before Bouton, P. J.

At the trial it appeared that the defendant, a corporation, was organized to take over the business of an older corporation known as the Kane Cutlery Company, and a partnership composed of John D. Case and others. Prior to the organization of the new company the officers and stockholders of the old corporation and the members of the Case firm orally agreed, according to the weight of the testimony, that the plaintiff, Charles L. Girard, should receive a salary as an officer of the corporation of $1,800 a year which was the same as he received as manager of the Kane Cutlery Company, and that he would be paid 100 per cent above par on his $1,500 investment in stock, when he left the employment of the new company. When the new company was organized the plaintiff assumed his new position, and continued therein for nearly eight months. He was then discharged. He then brought this action to recover $3,000, which he claimed he was to receive for his stock when he left the employ of the company.

The court charged in part as follows:

[It is incumbent upon the plaintiff to show by a fair preponderance of his evidence that the contract sued on, the basis of his recovery, was actually entered into. If he has satisfied the jury of such facts, then the evidence that the services were performed is some evidence of a ratification of such contract on the part of the corporation.] [2]

[The serious question which this jury have is, what was this contract? Was the contract entered into as testified to by this plaintiff, and was it entered into with the promoters of this corporation, and was it ratified by the corporation afterward, or was the contract merely as claimed on behalf of this defendant?

Now, gentlemen, you will take this case and give it your best consideration, and it is an important case. Bring in such a verdict as is warranted by the evidence, find the facts in accordance with the evidence, bear in mind that the burden is on the plaintiff to satisfy the jury of his contention by a fair preponderance of the evidence.] [3]

Plaintiff presented these points:

1. The knowledge of the principal promoters of a corporation, who acquire their knowledge as such promoters, and who on the organization become officers and directors, is the knowledge of the corporation. *Answer:* We affirm this point, and say to you that if the promoters of a corporation have knowledge which is important to the corporation, knowledge which affects the corporation, and if such promoters afterwards become the directors of the corporation, that corporation is charged with the knowledge which those promoters had prior to the incorporation. [5]

2. If the president or vice president or director or manager of a corporation set to work a person hired by the promoters of the corporation, this is a ratification. *Answer:* We affirm this point. We say to you that if a contract was made, a contract of hiring was made by the promoters of a corporation, and those promoters of that corporation afterwards became directors of the corporation or became the president or vice president of the corporation, and that person so hired by them afterwards performed the services, then the corporation would be bound on the theory that the corporation ratified the act of the promoters in the contract. They would have knowledge of the contract by reason of the fact that they became directors or principal officers of the corporation, and having become directors, having knowledge of the fact that that person performed the services, having knowledge of the fact that that person was performing such service under such a contract as they as promoters made with him, then the corporation would be bound to pay such person. [6]

3. Where the promoters and incorporators are the same persons, become the directors and so continue for some time, a contract made by them before organization and acted upon

afterwards is binding upon the corporation. *Answer:* We affirm this point. [7]

4. Ratification is not essential by a resolution, but it is sufficient if the corporation by its act shows an adoption of the agreement. *Answer:* We affirm this point. This, of course, gentlemen, you will take in connection with the fact that they must have had knowledge of the contract. [8]

5. In order to bind a corporation by acquiescence of its directors to an act performed by its agents, promoters or officers in its behalf, it is not necessary that notice thereof be given them sitting in their official capacity as a board. It is sufficient if they are personally cognizant thereof, and do not call a meeting to disavow it. *Answer:* We affirm this point. [9]

6. If the jury find there was such agreement as claimed by the plaintiff made by the promoters, that plaintiff rendered the services and was ready to comply with the other terms, and that the defendant by its officers afterwards ratified the same, then the corporation is bound by the terms of the agreement so made. *Answer:* We affirm this point. [10]

6½. Ratification by defendant of any part of the agreement is, so far as the plaintiff is concerned, a ratification of the whole. *Answer:* We affirm this point. To explain, if a contract was made to do several things, all in one contract, and if the party who was to perform the services or do those things, did with the assent of the corporation who had knowledge of the contract, part of the things, that would be a ratification of the whole contract, and the plaintiff would be entitled to recover on the whole contract. [11]

7. If persons assume to act for an intended corporation without legal authority, and the corporation gets the benefits and uses the property, such acts will ratify the contract and render the corporation liable. *Answer:* That point is affirmed. As a general proposition of law the same rule applies as to individuals. If a person enters the service of an individual without any previous contract, then he may recover from that person for such services, if the person for whom the services are performed does not forbid him from continuing, but permits him to go on. [12]

8. Where officers of a corporation know of a contract made for the corporation and allow it to be acted upon without objection it is evidence of ratification by the corporation. *Answer:* We affirm that point, but say to you that it is merely some evidence of the ratification and not evidence from which a jury of itself without other evidence would be justified in finding a ratification, but would be in the absence of other evidence so slight that a jury would not be justified in finding a ratification. [13]

Verdict and judgment for plaintiff for $3,558.80. Defendant appealed.

*Errors assigned* were (2, 3, 5–13), above instructions, quoting them.

*E. P. Schoonmaker*, with him *A. P. Huey* and *William Wallace Brown*, for appellant.—There was no clear, precise and indubitable evidence that the alleged verbal contract was made: Thomas v. Loose, 114 Pa. 35; Jeannette Bottle Works v. Schall, 13 Pa. Superior Ct. 96.

The contract is void as against public policy: Spering's App., 71 Pa. 11; Kauffman v. Keiper, 5 Pa. Dist. Rep. 620; Swing v. Munson, 191 Pa. 582.

There is absolutely no evidence that the corporation after it was formed, ratified the alleged contract with the plaintiff: Munis v. Oliver, 24 Pa. Superior Ct. 64; Algeo v. Algeo, 10 S. & R. 235; Allen v. Colliery Engineers' Co., 196 Pa. 512.

*John G. Johnson*, with him *F. D. Gallup* and *Harvey G. Berkhouse*, for appellee.—The knowledge of the principal promoter of a corporation, who acquires his knowledge as such promoter, and who on the organization becomes manager—is the knowledge of the corporation: Huron Printing, etc., Company v. Kittleson, 4 S. D. 520 (57 N. W. Repr. 233).

The president of a corporation, who is its general manager, has authority to adopt and ratify a contract made by himself for the corporation before it is legally created for the performance of service for the company, which he would have power

to engage if no previous contract existed: Oakes v. Cattaraugus Water Company, 26 L. R. A. 544.

Where the promoters and incorporators are the same persons and are the stockholders and so continue for some time, a contract made by them before organization and acted on afterwards, is binding upon the corporation: Burden v. Burden, 8 App. Div. 160.

Ratification is not essential by a resolution, but it is sufficient if the corporation by its act, show an adoption of the agreement: Bagaley v. Iron Co., 146 Pa. 478; Kelsey v. National Bank of Crawford County, 69 Pa. 426; Finnegan v. Vinegar Co., 26 Ore. 152 (37 Pac. Repr. 457); Bell's Gap. R. R. Co. v. Christy, 79 Pa. 54; Titus v. R. R. Co., 5 Phila. 172; People's Bank v. National Bank, 101 U. S. 181; Allibone v. Hager, 46 Pa. 48; Finletter v. Acetylene Light, etc., Co., 215 Pa. 86; Moulding Co. v. Stulb, 215 Pa. 91; Trust Co. v. Lappe, 216 Pa. 549; Weeks v. Lippencott, 42 Pa. 474; Lorillard v. Clyde, 86 N. Y. 384; Old Dominion Copper Mining & Smelting Co. v. Lewisohn, 28 Sup. Ct. Repr. 634.

OPINION BY MR. JUSTICE MESTREŻAT, June 22, 1909:

The learned trial judge pointed out in the charge the testimony which sustains the contract the plaintiff alleged was made with him by the promoters of the new corporation. It was sufficient if believed by the jury to establish the contract. The testimony it is true was contradictory, and even one of the plaintiff's witnesses testified that the contract was to be performed by the Case Brothers and not by the new corporation, but without the testimony of this witness there was sufficient to go to the jury on the question whether the alleged parol contract was entered into by the promoters of the majority in interest of the stock of the new corporation and was to be performed by that corporation. Some of the witnesses on the part of the defendant were not sufficiently clear in their testimony to warrant implicit confidence in their denial of the existence of the contract. On the whole, therefore, the jury were justified under the evidence in finding that the contract, as set up by the plaintiff, was made by him and the pro-

moters of the new corporation. This was the controlling question in the case and the jury have settled it by a verdict in favor of the plaintiff.

The plaintiff is not seeking to contradict or vary the written agreement entered into by the committees representing the two cutlery companies. In addition to his interest as a stockholder in the Kane Cutlery Company, the plaintiff had a valuable contract with that company. He sought to protect that contract by the parol contract with the promoters of the new corporation. This we think he had a right to do and that it contravenes no principle of public policy. It is manifest from the evidence that the Case Brothers who owned the New York Cutlery Company hold a majority of the stock of the new corporation. Their contract as promoters would be binding upon the present corporation unless it was renounced and disapproved by its directors: Bell's Gap Railroad Co. v. Christy, 79 Pa. 54. There is no evidence in the case that the new corporation took any official action expressing its disapproval of the contract made between the plaintiff and the promoters. On the contrary, if the evidence of the plaintiff is believed he entered into the service of the new corporation in pursuance of his contract with the Case Brothers and continued in its service at the same salary which the Kane Cutlery Company had agreed to pay him.

The judgment is affirmed.