Solomon, Appellant, *v.* Cedar Acres East, Inc.

Argued November 20, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Daniel H. Shertzer,* for appellant.

*Charles B. Grove, Jr.,* with him *Michael D. Bull,* and *May, Grove, Stork & Blakinger,* for appellee.

OPINION BY MR. JUSTICE MANDERINO, March 25, 1974:

The appellant, Jerome Solomon, is an architect who sought specific performance of a contract for architectural services against the corporate defendant, Cedar Acres East, Inc. The corporation joined Frank Millmond, promoter of the corporation as an additional defendant. The trial court denied specific performance of the contract against both the corporate defendant and the promoter, but ordered the defendants to pay the appellant two thousand dollars in quantum meruit for architectural services rendered.

The pertinent facts are as follows. On August 3, 1966, the promoter signed an option to buy a fifty-two acre tract of land for a corporation primarily controlled and owned by the promoter (this corporation is not the corporate defendant involved in this case). Soon thereafter, the promoter engaged the appellant who did certain preliminary architectural work for the site during August, September and October of 1966. The defendant corporation was not contemplated and was not in existence at that time.

On November 13, 1966, the promoter entered into an agreement with four other men for the creation of the

defendant corporation. The agreement provided for the issuance of one-hundred per cent of the stock of the proposed corporation. Two days later, on November 15, 1966, the appellant and the promoter entered into a contract whereby the appellant was to perform architectural services as required for the development of the fifty-two acre tract of land. The appellant was to be a five per cent owner of any corporation formed for the development of the tract, was to receive five per cent of the profits of any corporation formed, and was to receive fifty dollars for each one-family living unit erected upon the fifty-two acres. The agreement did not make any reference to the defendant corporation. The appellant performed additional services after the signing of this agreement, but performed no services after December 8, 1966.

On December 21, 1966, the promoter assigned to the defendant corporation the option to buy the fifty-two acre tract.

On June 30, 1967, the appellant sent an itemized bill for architectural services to the defendant corporation stating "Amount due as of this invoice . . . $1500." A second notice of the fifteen hundred dollar billing was sent to the defendant corporation on August 10, 1967. A letter followed on December 7, 1967, in which the appellant requested payment of the fifteen hundred dollars in "complete settlement." This letter referred to the terms of the agreement that the appellant had entered into with the promoter on November 15, 1966. This letter was the first notice that the defendant corporation received concerning the appellant's agreement with the promoter. The defendant corporation refused to honor the agreement or to pay for the architectural services which had been rendered by the appellant at the promoter's request. The appellant then filed this equity action for specific performance requesting five

per cent of the stock in defendant corporation and damages.

We shall first discuss the issue raised concerning the corporate defendant. The trial court concluded that the corporate defendant was not bound by the contract entered into on November 15, 1966, between the appellant and the promoter since the corporate defendant was not a party to that agreement and never ratified it. The trial court did find, however, that the corporate defendant had received some benefit from the architectural services rendered by the appellant and, therefore, held that the corporate defendant was liable in quantum meruit.

The sole claim in this appeal, concerning the corporate defendant, is that the record does not support the trial court's conclusion that the corporate defendant did not ratify the November 15, 1966 agreement. The appellant admits that no express ratification ever occurred. He argues, however, that ratification can be inferred because the corporate defendant benefited from the use of architectural plans knowing that such plans were prepared by the appellant. Knowledge that the plans were prepared by the appellant, however, is not knowledge of all of the material facts contained in the agreement of November 15, 1966. The corporate defendant had no knowledge of that agreement or that it provided for the issuance of stock to the appellant and for profit sharing by the appellant. These material facts were unknown to anyone except the promoter and the appellant. Ratification of a contract by one not a party to the contract requires that the ratifying party be in possession of all the material facts and act with such knowledge. *McRoberts v. Phelps*, 391 Pa. 591, 138 A. 2d 439 (1958); *Schwartz v. Mahoning Valley Country Club*, 382 Pa. 138, 114 A. 2d 78 (1955). The only shareholder of the corporate defendant who had knowledge of all of the material facts concerning the Novem-

ber 15, 1966 agreement was the promoter. His knowledge, however, cannot be imputed to the corporate defendant. Knowledge possessed by a single promoter having only a minority interest cannot bind the corporate defendant. *Bonner v. Travelers Hotel Company*, 276 Pa. 492, 120 A. 467 (1923); *Girard v. Case Bros. Cutlery Company*, 225 Pa. 327, 74 A. 201 (1909); *Tift v. Quaker City National Bank*, 141 Pa. 550, 21 A. 660 (1891). In this case, the promoter was not a majority stockholder. His stock interest was only twenty-five per cent. In *Beltz v. Garrison*, 254 Pa. 145, 98 A. 956 (1916), cited by the appellant, a ratification was inferred because the corporation received benefits from a contract signed by four persons who, after the signing of the contract, became members of the corporation's board of directors and constituted eighty per cent of the directors and owned all of the stock of the corporation. *Beltz* is of no help to the appellant. The record in this case supports the trial court's conclusion that no ratification was ever made by the defendant corporation.

The other issue raised by the appellant concerns the promoter defendant. Although the trial court found that the promoter had entered into the November 15, 1966 agreement with the appellant, the trial court did not award damages based on that agreement. Instead, the trial court awarded damages only in quantum meruit. The trial court further granted to the appellant, "without prejudice, the right to pursue any claim he may have with regard to these shares or compensation therefrom against [the promoter] in a separate proceeding."

Appellant contends that the trial court erred in its refusal to allow full recovery against the promoter. We agree. The trial court concluded that the appellant and the promoter entered into an agreement on November 15, 1966. That conclusion was fully supported by the record. In fact, the promoter admitted that he entered

into that agreement with the appellant and said that it was a personal contract. Under these circumstances, the trial court should have determined the amount of damages to which the appellant was entitled under the agreement. Rule 2255(d) of the Pennsylvania Rules of Civil Procedure specifically provides: "The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability."

Complete relief should have thus been given to the appellant against the promoter in the same manner as though the promoter had been the original defendant.

Since the promoter was no longer a shareholder in the corporate defendant, the trial court could not direct specific performance. Full recovery, however, could have been awarded in the form of money damages. Although such recovery is a legal remedy rather than an equitable remedy, such relief would have been proper. Once equity has assumed jurisdiction of an action, money damages may be awarded to insure a just result. *Sigal v. Manufacturers Light and Heat Company,* 450 Pa. 228, 299 A. 2d 646 (1973); *Ackerman v. North Huntingdon Township,* 437 Pa. 49, 261 A. 2d 570 (1970); *Dombrowski v. City of Philadelphia,* 431 Pa. 199, 245 A. 2d 238 (1968). There is no reason why this dispute should not be settled in the present action.

The trial court's decree is affirmed as to the appellee, Cedar Acres East, Inc. The trial court's decree as to Frank Millmond, is vacated and the matter remanded for proceedings consistent with this opinion. Each party to pay own costs.