Judy MURDOCK and Janice Murdock, Individually and on behalf of the Estates of their Deceased husbands Lawrence E. Murdock and Richard D. Murdock

v.

**VOLVO OF AMERICA CORPORATION,** a Subsidiary of Volvo Aktiebolaget.

No. CA 3–74–998–C.

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 22, 1975.

Windle Turley, Charles L. Caperton, Dallas, Tex., for plaintiffs.

Boyd Waggoner, Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

The defendant's motion to dismiss presents the issue of whether the defendant foreign-corporation is without

the ever-expanding grasp of the Texas "Long-Arm" Statute.[1]

The plaintiffs' diversity action sounds in products liability and arises from a 1974 Louisiana automobile collision involving a Volvo automobile manufactured by Volvo Aktiebolaget (Volvo) and marketed in the United States by Volvo's wholly-owned American subsidiary Volvo of America Corporation (VAC). Plaintiffs allege that the Volvo automobile in question was purchased in the forum state, Texas. Both defendants were personally served via the Secretary of State of the State of Texas pursuant to the Texas "long-arm" statute and Fed.R.Civ.P. 4(d). The Court's *in personam,* jurisdiction over VAC is uncontested.

The plaintiffs' complaint alleges that the defendant Volvo is a foreign corporation "doing business" in Texas without a designated agent for service in Texas, and that substituted service of process can be effected pursuant to the Texas "long-arm" statute.[2] As the defendant Volvo neither entered into a contract with a Texas resident performable in whole or in part within Texas nor committed a tort within the State of Texas, personal jurisdiction over Volvo must be based on its "doing business" in Texas. Volvo's motion to dismiss asserts that it is not within the reach of the Texas "long-arm" statute, and even if it was, such an exercise of personal jurisdiction would offend the due process requirements of the United States Constitution.

Plaintiffs countered that an agency relationship between Volvo and VAC justifies the finding that the parent corporation Volvo "does business" in Texas through its subsidiary VAC's Texas activities. *Product Promotions, Inv. v. Cousteau,* 495 F.2d 483 (5th Cir. 1974).

Affidavits submitted in support of defendant Volvo's motion to dismiss state that Volvo is a Swedish corporation without physical facilities or representatives in Texas, that Volvo has never advertised or banked in Texas, and that its activities are restricted to the sale of automobiles and automobile parts to an importer VAC, a wholly-owned subsidiary, which sales transpire within Sweden. All sales of Volvo automobiles within Texas are conducted by VAC or its wholly-owned subsidiary distributor corporation. All warranties, either express or implied, concerning automobiles or parts sold within the United States are made by VAC and not by Volvo.

The power of a federal court entertaining a suit based upon diversity of citizenship to exercise *in personam* jurisdiction over non-resident defendants turns on two independent considerations. First, the law of the state in which the federal court sits must confer *in personam* jurisdiction over the defendant and, secondly, if it does, the exercise of jurisdiction under state law must comport with the basic due process

---

1. Tex.Rev.Civ.Stat.Ann. art. 2031b (1964).

2. Tex.Rev.Civ.Stat.Ann. art. 2031b:
   "Art. 2031b. Service of process upon foreign corporations and nonresidents.
   " * * *
   "Sec. 3. Any foreign corporation, . . . that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, . . . of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such corporation, . . . is a party or is to be made a party.
   "Sec. 4. For the purpose of this Act, and without including other acts that may constitute doing business, any foreign corporation, . . . shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State, or the committing of any tort in whole or in part in this State.
   * * * *"

requirements of the United States Constitution. *Product Promotions, Inc., v. Cousteau, supra* at 489. Additionally, it should be noted it is incumbent upon the party seeking to invoke the jurisdiction of a federal court to establish that jurisdiction over the defendant's person, indeed, exists. *Product Promotions, Inc. v. Cousteau, supra* at 490; *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973).

█ Texas state and federal courts have recognized that Article 2031b was intended to reach as far as federal due process requirements will allow in exercising *in personam* jurisdiction over non-resident defendants and foreign corporations. *Product Promotions, Inc. v. Cousteau,* 495 F.2d at 491; *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d at 1234; *Atwood Hatcheries v. Heisdorf & Nelson Farms,* 357 F.2d 847, 852 (5th Cir. 1966). Despite this broad charter some limits have been etched by the courts in their construction of this statute. One such limit, articulated by Judge Goldberg in *Cousteau,* appears fatal to the plaintiff's contentions regarding the instant issue.

█ In *Cousteau,* Judge Goldberg recognized "that an agency relationship may justify finding that a parent corporation 'does business' in a jurisdiction through its subsidiary's local activities." 495 F.2d at 492.

However, he added:

Under this theory the alleged agency and parent-subsidiary relationships were facts on which jurisdiction was predicated, and [plaintiff] had the burden of making a prima facie showing of their existence. . . . And even were we to assume the existence of a parent-subsidiary relationship, we can find no evidence that the parent exercised the type of control necessary to ascribe to it the activities of the subsidiary. Nor can we find any support for the assertion that the Cousteau Group Companies, either individually or collectively, were the "alteregos" of Jacques Cousteau.

495 F.2d at 492.

Plaintiffs have neither presented nor offered to present evidence which would establish the exercise of the degree of dominion necessary for Volvo to control VAC such that VAC's stateside activities could be ascribed to Volvo. No showing has been offered or made proving that VAC was or is the "alter-ego" of Volvo.[3] Plaintiffs have chosen to stand on their pleadings and brief in opposition to the defendants' motion to dismiss, and these papers alone fail to prove facts deemed essential to establish jurisdiction under the parent-subsidiary theory.

Likewise plaintiffs have failed to carry the burden of establishing the existence of an agency relationship between Volvo and VAC. The plaintiffs have proffered no evidence which would make a prima facie showing under the principles of the law of agency that VAC acted with either actual or apparent authority on behalf of Volvo in VAC's stateside operations.

The plaintiffs' default in meeting the *Cousteau* burdens of proof as to the parent-subsidiary and the agency relationships leaves the defendant Volvo beyond the reach of the Texas "long-arm" statute.

In *Cousteau* the Fifth Circuit appears to have restated without citation the holding of the United States Supreme Court in *Cannon Manufacturing Co. v. Cudahy Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925). In *Cannon* the Supreme Court held that "as a general rule, the relationship of parent corporation and subsidiary corporation is not of itself a sufficient basis for subjecting the non-resident parent corporation to the jurisdiction of the forum state." 2 Moore's Federal Practice, ¶ 4.25[6] at 1174 (2d ed. 1970); *Frito Lay, Inc. v. Proctor & Gamble Co.,* 364 F.Supp. 243 (N.D.Tex.1973). In *Cannon,* despite the

---

3. *See Berger v. Columbia Broadcasting System, Inc.,* 453 F.2d 991 (5th Cir. 1972).

**58**

parent subsidiary relationship of the two corporations involved, the corporations had complied with all formalities so that they were, indeed, two distinct corporate entities, and no agency relationship existed between them. Premised on these facts the Supreme Court held that the local actions of the subsidiary could not be imputed to the parent for the purpose of proving that the parent was "doing business" in the forum state.

The Court's conclusion that Volvo is beyond the literal reach of the Texas "long-arm" statute vitiates any need to consider the constitutional ramifications of the attempted long-arm service.

Accordingly, it is therefore ordered, adjudged and decreed that the defendant Volvo Aktiebolaget is dismissed from this cause for want of *in personam* jurisdiction.