**Dengel v. Harvey**

*Jeffrey A. Ernico*, for plaintiffs.

*Paul L. Ziegler, David A. Dodd, Edgar B. Bayley, Robert C. Derrick* and *Guy W. Schlesinger*, for defendants.

QUIGLEY, *P.J.*, August 16, 1977—In this action, plaintiffs assert various causes of action and remedies generally cognizable in equity and at law, and preliminary objections alleging misjoinder, demurrer, motion to strike, motion to drop and motion for more specific pleadings have been filed.

The facts are basically, determined from the complaint, that plaintiffs purchased a house from

defendant Harvey with assistance from two real estate offices, an employe of each and a lending institution. The Stuard Derrick Agency listed the house and the Grandon Agency sold it. Central Pennsylvania Savings Association inspected the premises, then loaned part of the money for its purchase.

It is alleged that all of defendants, with the exception of Central Pennsylvania Savings Association, actually knew of the insect infestation which, plaintiffs contend, make the house less valuable than the price paid for it and otherwise caused them irreparable damage. Plaintiffs feel that the only way they can be compensated is not to be paid damages but to rescind or set aside the transaction, get back all moneys they paid in connection with the purchase of the house, through an accounting, and be excused from the obligation to Central Pennsylvania Savings Association. Alternatively, they allege that, if rescission be not ordered, they be paid damages for the alleged wrong done to them and allege that the full amount of damages cannot be effectively determined without substantially dismantling the house. The former demands sound traditionally in equity; the latter at law, and the first question is a misjoinder issue. Before reaching this question, we note that it is clear that if plaintiffs have an adequate nonstatutory remedy at law, then all aspects of the case should be transferred to the law side, and if we conclude an adequate legal remedy is available, the misjoinder issue is moot.

If issues are particularly complicated, the damage is indefinite and where fraud is alleged or an accounting sought, although a legal remedy is available, it may be that that remedy is not adequate and if that is the case, equity will take

jurisdiction: Universal Film Exchanges, Inc. v. Budco, Inc., 44 D. & C. 2d 695 (1968).

In this case, the damages are uncertain because of the nature of the alleged defects. To adequately fully determine their extent, it may be that the house may well have to be dismantled. It may be that plaintiffs' only adequate remedy is to rescind and to receive a return of all moneys paid by them. Accordingly, adequacy of the legal remedy is doubted.

Regarding the misjoinder issue, plaintiffs argue that the effect of Pa.R.C.P. 1508, 2229, and 1020 read together not only authorizes joinder of parties and causes, but compels them to join all parties and causes on pain of suffering a bar to some of their counts. This is not so. Rule 1020 applies only to actions of trespass and assumpsit as they relate to each other and would, therefore, not appear to be appropriate, and Rule 1508 relates only to equity. It is stated in 8 Standard Pa. Pract. §160, as follows:

"While the plaintiff may under the Rules of Civil Procedure join two or more causes cognizable in equity, all of the causes so joined must be cognizable in equity, and no authority is conferred to join a legal cause of action with an equitable cause of action in the same complaint.

"Where a legal cause of action is joined with an equitable cause of action in the same complaint in equity, the plaintiff may not justify the misjoinder under the equitable principle that once equity takes jurisdiction of a matter, it will dispose of all the questions presented even though part of the relief sought is not cognizable in equity."

Despite this general principle, there is authority to the contrary which the court feels is controlling

in the matter at hand. In Allegheny Electric Co., Inc. v. Ross, 107 Pitt. L.J. 376 (1958), plaintiff was allowed to plead a cause of action in the alternative even though the alternative, by itself, was not cognizable in equity, on the principle that when there is a basis for equitable jurisdiction, equity will decide all phases of the controversy even though some phases may be nonequitable in nature. Plaintiff's first cause of action sought damages for fraud and breach of fiduciary duty while the second, equitable in nature, sought the transfer of certain stock to plaintiff that defendants had in their possession. Also joined was an alternative cause of action at law seeking monetary recovery if the second cause of action was not allowed. At page 378, the court stated:

"A court of equity can do complete justice between the parties even though it may have to decide matters which would not in themselves have warranted the Court's assuming jurisdiction in the first place. If there is a legitimate connection between the equitable and the non-equitable issues, equity will decide the whole controversy."

A similar principle was enunciated in Seif v. Titus, 90 Dauph. 290 (1969), discussed in plaintiff's brief in response to preliminary objections. In that case, the court dismissed a motion to strike based on the contention that plaintiff had misjoined causes of action (one was legal and the other equitable), stating that "since the same facts are the basis for the alternative claims, it is proper and permissible to join them in one complaint."

Based on these principles and given the fact that the primary relief sought is equitable in nature while the legal claims are ancillary thereto, the

court holds that it will hear all issues, whether equitable or legal, sitting as a court of equity. Even if the matter at hand were based solely on equitable principles, the court, even though acting as an equity court, could award monetary damages instead of the equitable relief sought if such action would, in the court's judgment, adequately compensate the wronged party. See Linett v. Linett, 434 Pa. 441, 254 A. 2d 7 (1969); McGovern v. Spear, 463 Pa. 269, 344 A. 2d 826 (1975); Solomon v. Cedar Acres East, Inc., 455 Pa. 496, 317 A. 2d 283 (1974); Ackerman v. North Huntingdon Township, 437 Pa. 49, 261 A. 2d 570 (1970).

It is noted that the decision in Myshko v. Galanti, 453 Pa. 412, 309 A. 2d 729 (1973), does not compel a course of action different from that which the court intends to follow here, since in that case plaintiff did, in fact, make an election of a legal remedy by filing a legal action first, followed by an equitable action. In the present case, however, plaintiff has specified that the relief in equity that he seeks is the primary relief sought. Unlike plaintiff in Myshko, in which a prior assumpsit action was pending, plaintiffs here did not initiate separate actions nor did they indicate in any manner, except alternatively, that their action at law is adequate; in fact, they specifically allege otherwise.

In addition, the court is of the belief that, although the entire transaction culminating in the sale of the property to plaintiffs no doubt encompassed a period of time and contacts with different individuals and organizations, the cause of action against all defendants does, in fact, arise out of the same transaction or occurrence.

Thus, defendant Harvey's motion to strike and its

demurrer will be dismissed as will Murdock's misjoinder motion and Central Pennsylvania Savings Association's motion to strike (I).

Defendants, Grandon Real Estate, Rose Marie T. Murdock, Stuard Derrick Real Estate, Inc., and Jane Grabuloff, all filed preliminary objections in the nature of demurrers, therein claiming that plaintiffs have not stated a cause of action against them. For the reasons discussed below, all of the aforementioned motions will be dismissed, as will Grandon Real Estate, Inc.'s motion to drop.

The case of Henry v. Babecki, 65 D. & C. 2d 4 (1974), cited by defendants, Stuard Derrick, Inc., and Grabuloff, does explicitly state that a real estate broker is under no implied contractual duty to ascertain and provide expertise as to the physical condition of the property in question. This proposition is also raised by defendant Murdock. However, in the present case, an express undertaking to perform such services might well be present, since plaintiffs allege in their complaint that both real estate agencies "held themselves out to have expert knowledge regarding residential real estate, the condition thereof and specifically the visible evidence of insect pest infestation." In addition, plaintiffs also allege that defendant Murdock held herself out as an experienced real estate sales person who would share her knowledge about defects in homes with plaintiffs, thereby causing plaintiffs to repose their confidence in her, which created a fiduciary relationship between them. If a fiduciary relationship did exist, Murdock would have a duty to use reasonable care to protect plaintiffs' interests. What plaintiffs are contending, quite simply, is that Murdock breached those duties as a result of her negligence. Whether Murdock did, in

fact, negligently breach such a duty is, of course, a matter of fact to be dealt with at a later proceeding.

At the present time, however, the court is only concerned with the legal sufficiency of the challenged pleading; thus, since a demurrer by a defendant admits all relevant facts well pleaded in the complaint, and all inferences fairly deductible therefrom: Reardon v. Wilbur, 441 Pa. 551, 272 A. 2d 888 (1971); Bogash v. Elkins, 405 Pa. 437, 176 A. 2d 677 (1962); the court holds that such facts and inferences found in this case require the dismissal of the demurrer.

Regardless of the efficacy of the foregoing allegations that defendants breached certain duties through negligence, there is little doubt that plaintiffs have stated a cause of action based on fraud against these defendants by alleging that they did know of the termite infestation and failed to so inform plaintiffs.

"Where there is a concealment of a material fact, calculated to deceive, or where there is a failure to disclose a material fact not known by the other party or equally available to him, fraud is present. However, where there is no relation of confidence, both parties having equal means of information, a party to a contract to sell or purchase real estate is not under a duty to disclose facts known to him and not known to the other party." 32 P.L.E. 250, 253 §39.

Moreover, all of defendants who filed briefs on this particular issue expressly recognize that real estate agents can be held liable for failing to disclose material latent defects known to them. Termite infestation may well constitute a material defect of which a prospective purchaser should be informed.

With respect to the realtors, as long as defendant agents were acting within the scope of their employment, the court can find no reason why any knowledge of material defects should not be imputed to the realtors. Accordingly, the court holds that a cause of action has been stated against each realtor.

Defendant Central Pennsylvania Savings Association (CPSA) also filed a preliminary objection in the nature of a demurrer, as well as motions to strike, and a motion for a more specific pleading.

Dealing with the demurrer first, the court holds that plaintiffs have, in fact, alleged a cause of action against CPSA that at least merits an answer in that plaintiffs allege there was an express undertaking by CPSA to warrant that the premises in question were worth \$37,000 and free of defects, evidenced by the allegation that defendant's agents represented to plaintiffs that the house was free of insect pest infestation. While the court is cognizant of the fact that lending institutions do not ordinarily make such agreements and the duties attendant thereto do not arise by implication in Pennsylvania law, it cannot ignore the allegation that this particular lending organization did willingly enter into such an agreement, undertake certain duties, and negligently breach those duties.

Assuming no express undertaking was made, the court feels that a cause of action based on simple negligence has been stated in that defendant did owe plaintiff a duty not to make material misrepresentations concerning the property if, in fact, defendant and its agents do not possess knowledge and expertise in the area of pest infestation.

In addition to the motion to strike based on mis-

joinder of causes of action, which was disposed of earlier, CPSA filed a motion to strike the allegation of fraud contained in paragraph no. 8 of count XI. Defendant's basis for the motion is that the allegation of fraud does not conform to Pa.R.C.P. 1019(b) which requires that fraud must be averred with particularity, i.e., the facts upon which the fraud is based must be stated with clarity and specificity. "Merely alleging fraud as a legal conclusion adds nothing if it is not based upon facts clearly and explicitly set forth as constituting such fraud." Hornsby v. Lohmeyer, 364 Pa. 271, 276, 74 A. 2d 86 (1950). The court is of the opinion that sufficient facts have not been pleaded to constitute a sufficient allegation of fraud. However, rather than sustain the motion to strike, we will treat the motion as a motion for more specific pleading and, in that basis, sustain the preliminary objection.

With respect to Murdock's motion for a more specific pleading, we might interject parenthetically at this point that the same rationale would apply, and we feel that plaintiff should plead the source of defendant Murdock's alleged knowledge of the termite condition and will, accordingly, sustain that preliminary objection.

With respect to the motions for a more specific pleading filed by CPSA and Stuard Derrick, Inc., and Jane Grabuloff, the court feels that the pleadings are adequate and need not be amended. All that is required of a plaintiff is that he plead sufficient facts to adequately put defendant on notice of the charges against him, thereby allowing him to prepare his defense. As to CPSA, defendant unquestionably understands the nature of the allegations; its main contention appears to be that plain-

718

tiffs have not stated the name or names of the agents who supposedly made the representations about the physical conditions of the house. Surely, defendant should have records of the transaction in question and the names of its employes involved therein. The fact that defendants should have records relative to the transaction would also be applicable to the Derrick and Grabuloff motions, especially with reference to the money the latter defendants are alleged to have received as a result of the transaction.

### ORDER

And now, August 16, 1977, the motion of defendant, Rose Marie T. Murdock, for a more specific pleading is sustained as is the motion of defendant, Central Pennsylvania Savings Association, entitled "motion to strike" and set forth as no. III (but which is treated as a motion for more specific pleading), and plaintiffs are directed to file an amended complaint within 20 days of the date of this order as to these motions. All other preliminary objections of all defendants are overruled and dismissed, and defendants are directed to file an answer within 20 days of the date of this order; except that defendants, Rose Marie T. Murdock and Central Pennsylvania Savings Association, need not answer until within 20 days of the filing of an amended complaint.