Phillip R. SAMUELS

v.

BMW OF NORTH AMERICA, INC. and Bayerische Motoren Werke, AG.

Civ. A. No. B–80–806–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 18, 1983.

---

Jon B. Burmeister, Provost Umphrey, Groves, Tex., for plaintiff.

John T. Golden, Vinson & Elkins, Houston, Tex., Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, Tex., for defendants.

## MEMORANDUM ORDER

JOE J. FISHER, District Judge.

In this diversity action, Plaintiff Samuels sued B.M.W. of North America (BMW) and Bayerische Motoren Werke, AG. (Bayerische) under a theory of strict liability for damages caused by an allegedly defective product. Samuels was driving a recently purchased BMW automobile in Beaumont December 3, 1978 when, according to the complaint, "the carburettor stuck, causing him to lose control and turn the car over." This event resulted in the injury of Samuels and the death of his passenger.

Bayerische moved for dismissal for lack of in personam jurisdiction. It showed by affidavit: that it is a citizen of neither Texas nor the U.S., but is rather incorporated under the laws of and maintains its principle place of business in the Federal Republic of Germany; that it conducts no business in, and that it has no agent, employee, or representative in the U.S. These facts are contested by the plaintiff simply with a conclusory assertion that Bayerische is doing business in Texas. Bayerische's wholly-owned, autonomous U.S. subsidiary, BMW, does not challenge the jurisdiction of the court.

Samuels attempted to assert jurisdiction over Bayerische under the Texas "long-arm" statute, Tex.Rev.Civ.Stat.Ann. art.

2031b (Vernon Supp.1982). Any foreign entity or non-resident individual "that engages in business in this state" is considered to have appointed the Secretary of State as his agent to receive service of process. The Secretary may be served as a surrogate agent however, only for a cause of action "arising out of such business done in this State." *Id.* § 3. The statute as amended in 1979 defines "doing business" to include "the committing of any tort in whole or in part in this State." *Id.* § 4.

■ The exercise of jurisdiction over a foreign defendant under the Texas "long-arm" statute must be consistent with requirements of due process of law under the U.S. Constitution. *Placid Investments, Ltd. v. Girard Trust Bank,* 689 F.2d 1218 (5th Cir.1982); *Hall v. Helicopteros Nacionales De Colombia,* 638 S.W.2d 870 (Tex.1982).

■ Due process requires that the foreign defendant have such minimum contacts with the forum state that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), *quoting Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940).

■ All of the commercial contacts of Bayerische with Texas were conducted entirely through BMW. Inasmuch as the parent corporation is not subject to jurisdiction simply by virtue of the contacts of its autonomous subsidiary with the forum, *Cannon Manufacturing Co. v. Cudahy,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1924), the sale of autos by subsidiary BMW does not suffice to give a Texas court jurisdiction over Bayerische absent some other contact.

Samuels argues that Bayerische is subject to jurisdiction because it is alleged to have committed a tort, at least in part, in this state. The tort alleged is that a defective product of Bayerische was delivered into Texas where it caused injury to the plaintiff.

In *World-Wide Volkswagen Corp. v. Woodson,* the Court indicated that a forum state does not exceed its powers as limited by the due process clause of the Constitution if it asserts personal jurisdiction over a corporation that delivers its products into that state. 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

One court interpreted the Texas "long-arm" statute as not supporting jurisdiction in a products liability action against the foreign manufacturer that conducts business in this state through a wholly-owned domestic subsidiary. The opinion attributed the alleged tort entirely to the subsidiary and not to the manufacturer. *Murdock v. Volvo of America Corp.,* 403 F.Supp. 55 (N.D.Tex.1975).

While *Cannon* and other decisions may require that conclusion, this court is willing to assume, for purposes of deciding this motion, that the tort alleged was that of the parent as well as the subsidiary.

If the "contact" of Bayerische with Texas is the injurious presence here of one of its allegedly defective products, the product itself is, in effect, appointed as Bayerische's agent for service of process. This is the extreme situation that the Court explicitly rejected in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 296, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980).

■ It is not the *presence* of a product in the forum that satisfies the due process requirements of asserting jurisdiction over a foreign defendant. Rather, the *relationship* between the defendant and the forum must be such that it is "reasonable . . . to require the corporation to defend the particular suit which is brought there." *Hall v. Helicopteros Nacionales De Colombia,* 638 S.W.2d 870, 873 (Tex.1982), *quoting World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980).

■ When the "reasonableness" of requiring a foreign defendant to defend is less than adequate on its face, four relevant factors can offset the otherwise deficient degree of due process present. The relevant factors that mitigate the unreasonableness of taking jurisdiction when the

relationship of the party to the forum is weak are:

(1) the forum state's interest in adjudicating the dispute;

(2) the plaintiff's interest in obtaining convenient and effective relief;

(3) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

(4) the shared interest of the several states in furthering fundamental substantive social policies.

*Id.* In applying these factors to the facts of this case, the court finds that the reasonableness of asserting jurisdiction over Bayerische is not apparent.

The interest of Texas is that its residents be provided effective redress, which will most likely be found in this state inasmuch as the injury occurred here. Because BMW, the distributor and warrantor of the automobile, is a defendant in this action and has not challenged this court's jurisdiction over it, the interest of Texas in having the dispute adjudicated here is met. Given the joinder of BMW, the court discerns no independent interest of Texas in asserting jurisdiction over Bayerische.

The interest of the plaintiff in obtaining convenient and effective relief is obvious and compelling. His chosen forum is presumed to be convenient; effective relief assumes, the court believes, a solvent defendant within the forum's jurisdiction. BMW appears to be a profitable and solvent firm. In the absence of evidence to the contrary, the court concludes that Samuels will obtain effective relief, should he prevail at trial, without need to join Bayerische.

The interstate judicial system's interest in obtaining the most efficient resolution of controversies is best served, the court believes, by not forcing the foreign parent to bear the cost of defending when its autonomous, solvent, domestic subsidiary is a defendant in the cause. Unless Bayerische can be shown to be a necessary party, its presence in the suit serves only to increase the costs to the defendant without benefit

to the plaintiff, while delaying resolution of the controversy.

The shared interest of the states in furthering fundamental substantive social policies, as applied to this case, is not advanced by requiring Bayerische to appear and defend. Those policies favor the development of international trade to the benefit of American citizens no less than they require that manufacturers be responsible for their products. Bayerische has acted responsibly by creating a "hostage" to the laws of the several states: BMW. As to the former interests, the court believes that the policy of encouraging trade and economic well-being for American citizens is best served by not extending the "long-arm" of Texas jurisdiction to snare a foreign manufacturer when its domestic subsidiary is well within reach.

The relevant factors that make extended jurisdiction reasonable are here satisfied by the presence of BMW as a defendant. Not only are the interests enumerated above not furthered by asserting jurisdiction over Bayerische, but to do so would be so unreasonable as to violate the due process clause of the U.S. Constitution.

The opinions in both *World-Wide Volkswagen* and *Helicopteros* emphasized that the relationship between the defendant and the forum must make it "reasonable . . . to require the corporation to defend." The court believes that the most significant aspect of the relationship between Bayerische and the forum is the existence of BMW.

In order to sell in the U.S., Bayerische created an autonomous, albeit wholly-owned, subsidiary, BMW. Organized under the laws of Delaware, BMW maintains its offices and conducts the entirety of its business in the U.S. BMW exists to market in the U.S. the automobiles manufactured in Germany by Bayerische.

As the distributor of Bayerische's automobiles in the U.S., BMW alone is the natural and logical defendant in this cause; its parent, Bayerische, is not.

Requiring the foreigner Bayerische to defend alongside the native BMW serves nei-

ther legal nor economic purpose. To force the parent to defend itself for the alleged acts of its autonomous, solvent subsidiary has the unfortunate and unnecessary effect of increasing the costs of exporting to the U.S. This is harmful to the citizens and economy of the U.S. and, in this case, to defendant Bayerische, as well.

Considerations of fairness and due process require the court to conclude that it should not take jurisdiction over Bayerische so long as the court has jurisdiction over its solvent subsidiary, BMW. Accordingly, it is

ORDERED, ADJUDGED, and DE-CREED that the motion of the Defendant, BAYERISCHE MOTOREN WERKE AG., Motion To Dismiss For Lack of Jurisdiction, be and is hereby GRANTED.