MAURICE PIERCE & ASSOCIATES, INC., Plaintiff,

v.

COMPUTERAGE, INC. and The Korner Company, Defendants.

Civ. A. No. CA 3–84–1341–G.

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 8, 1985.

---

Charles H. Awalt, Dallas, Tex., for plaintiff.

Joseph A. Fitzpatrick, Jr., Gardner, Racines, Plunkett, Sheetz & Fitzpatrick, Allentown, Pa., for Computerage, Inc.

John Gitlin, Fisher, Gitlin, Sanger & Breeden, Dallas, Tex., for Korner Co.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the motion of defendant Computerage, Inc. ("Computerage") to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2) or, in the alternative, to transfer for improper venue under 28 U.S.C. § 1404(a). For the reasons which follow, the court is of the opinion that the motion to dismiss for lack of personal jurisdiction should be granted.

### I. *Factual Summary*

In January 1983, William Korner ("Korner"), acting on behalf of the Korner Company, a Pennsylvania corporation, initiated negotiations by mail and by telephone with Maurice Pierce & Associates, Inc. ("Pierce") in Dallas, Texas. The parties subsequently entered into a contract whereby Pierce was to render design services to Korner and the Korner Company for the design of a retail store in Pennsylvania. Virtually all of the design work by Pierce was conceived of and performed in Texas.

On June 3, 1983, subsequent to the parties' agreement that Pierce would design the Pennsylvania store, Korner incorporated Computerage for the purpose of managing the retail store. Since the spring of 1983, Pierce had been aware of both Korner's plan to incorporate Computerage and the proposed purpose of the corporation.

Pierce continued to perform design services pursuant to the contract through November, 1983, and received partial payment for its services; a significant portion of the contract price, however, remains unpaid. As a result, Pierce filed suit in this court on August 15, 1984. An interlocutory default judgment was entered against the Korner

Company on November 21, 1984. It appears that the Korner Company has terminated its business operations and that its assets were sold in June, 1984. William Korner is no longer involved with Computerage.

### II. *Legal Analysis*

The burden of establishing that personal jurisdiction exists over a non-resident defendant rests upon the party seeking to invoke the jurisdiction of the federal court. *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 490 (5th Cir.1974). In a case such as this, in which subject matter jurisdiction is based upon diversity of citizenship, the plaintiff must establish that a state statute confers jurisdiction over the non-resident defendant and that asserting such jurisdiction complies with the requirements of due process. *Id.* at 489.

Pierce, the plaintiff here, relies on such a statute, Art. 2031b, TEX.REV.CIV.STAT. ANN. (Vernon 1964 & Supp.1985),[1] which provides that a foreign corporation or non-resident natural person which does business in Texas is amenable to process "in any action arising out of such business done in this State." Section 4 of Article 2031b provides that "any foreign corporation ... or non-resident natural person shall be deemed doing business in this State by entering into [a] contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State...."

In order to make the requisite prima facie showing that jurisdiction exists under this provision of the statute, the plaintiff must demonstrate that: (1) a contract existed between the plaintiff and the defendant which was at least partially performable in

---

**1.** Article 2031b(3) provides in pertinent part: Any foreign corporation ... or non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation ... or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action ... arising out of such business done in this State, wherein such corporation ... or non-resident natural person is a party....

Texas; and (2) the instant action arose out of that contract. *Cousteau,* 495 F.2d at 491; *Walker v. Newgent,* 583 F.2d 163, 166 (5th Cir.1978), *cert. denied,* 441 U.S. 906, 99 S.Ct. 1994, 60 L.Ed.2d 374 (1979).

In this case, it is undisputed that the only parties to the design contract herein were Pierce and the Korner Company. Nevertheless, Pierce seeks to have this court exercise personal jurisdiction over Computerage on the basis of this contract. The issue, therefore, is whether one foreign corporation's (or non-resident individual's) contacts with the forum may be imputed to a second foreign corporation so as to subject the second corporation to in personam jurisdiction under Article 2031b, even though the second corporation was non-existent at the time the contract was entered into.

Two theories have been employed by the courts in determining whether the business activities of one corporate entity may be imputed to a related corporate entity for purposes of personal jurisdiction. *Walker,* 583 F.2d at 167; *In re Ocean Ranger Sinking Off Newfoundland on February 15, 1982,* 589 F.Supp. 302, 310 (E.D.La. 1984). These theories are (1) the "agency" theory and (2) the "control" or the "alter-ego" theory. See *Cousteau,* 495 F.2d at 493; *Walker,* 583 F.2d at 167; *In re Ocean Ranger,* 589 F.Supp. at 310.

### A. *Agency*

■ In order for the agency theory to apply, a plaintiff must make a prima facie showing that an agency relationship exists. *Walker,* 583 F.2d at 167; *Cousteau,* 495 F.2d at 493. Under either Texas or Pennsylvania law, however, an individual who contracts on behalf of a proposed corporation, i.e., a promoter, cannot be treated as an agent because the nominal principal is not then in existence. *RKO-Stanley Warner Theatres, Inc. v. Graziano,* 467 Pa. 220, 355 A.2d 830 (1976); *J.D. Cavaness v. General Corporation,* 272 S.W.2d 595, 598 (Tex.Civ.App.—Dallas 1954), *aff'd,* 155 Tex. 69, 283 S.W.2d 33 (1955). Consequently, whether Pierce is asserting that the Korner Company or Korner individually was acting

as an agent for Computerage, the agency theory is inapplicable to support personal jurisdiction in this case because Computerage did not exist when the contract was entered into.

Moreover, Pierce has not alleged that the contract was entered into on behalf of Computerage. Indeed, Pierce did not know of Korner's intent to form Computerage until early spring, after Pierce had already begun rendering the design services. Thus, personal jurisdiction may not be asserted over Computerage under the theory that Korner's or the Korner Company's contacts with Texas were in furtherance of an agency relationship with Computerage.

### B. *Control or Alter-Ego*

■ In order to assert personal jurisdiction over a "related" corporation on the theory that it was under the control of another corporation or individual, plaintiff must make a prima facie showing that the "related" corporation was so extensively controlled by the first corporation or individual that it was a mere instrumentality of the other. *Walker,* 583 F.2d at 167; *Cousteau,* 495 F.2d at 493; *In re Ocean Ranger,* 589 F.Supp. at 310–11; *Docutel Corporation v. S.A. Matra,* 464 F.Supp. 1209, 1218 (N.D.Tex.1979).

■ First of all, Pierce has offered no evidence to establish that Computerage and the Korner Company were even related companies, such as parent-subsidiary or sibling corporations. Moreover, Pierce's evidence is insufficient to establish that Computerage was the alter-ego of William Korner. That evidence indicates that Korner represented that he intended to form a subsidiary corporation to the Korner Company; that Korner represented that he was in complete control of both corporations; that Korner was president and chairman of the board of both corporations; that Computerage paid one of Pierce's invoices for the design work; and that Korner wrote a letter on Computerage letterhead thanking Pierce for his work on the store.

Without additional evidence, however, such as the nature of the stockholdings in

Computerage and the make-up of its Board of Directors, which would tend to show Korner's or the Korner Company's influence over Computerage's affairs, Pierce has failed to sustain his burden of establishing that Computerage was under the control of either Korner or the Korner Company. *Compare In re Ocean Ranger*, 589 F.Supp. at 310 (plaintiff met burden of showing control) *with Walker*, 583 F.2d at 167 (plaintiff failed to meet burden of showing control) *and Murdock v. Volvo of America Corp.*, 403 F.Supp. 55, 57 (N.D. Tex.1975) (plaintiff failed to meet burden of showing control) *and Docutel Corporation*, 464 F.Supp. at 1218 (plaintiff failed to meet burden of establishing control). Thus, the "control" or "alter-ego" theory will not support an assertion of personal jurisdiction over Computerage in this action.

### C. *Ratification*

█ Pierce's final argument is that Computerage should be subject to personal jurisdiction in Texas because it impliedly ratified the contract between Pierce and the Korner Company. Although Pierce has cited no Fifth Circuit authority for this particular argument, ratification of the contract may support an assertion of personal jurisdiction over Computerage. *See Cousteau*, 495 F.2d at 493 n. 15.

█ Both Texas and Pennsylvania recognize that where a promoter executes a contract on behalf of a proposed corporation, the contract is enforceable against the corporation if the corporation subsequently comes into existence and ratifies or otherwise accepts the benefits of the contract. *Solomon v. Cedar Acres East, Inc.*, 455 Pa. 496, 317 A.2d 283 (1974); *J.D. Cavaness*, 272 S.W.2d at 598–99. In this case, Pierce has offered no evidence establishing that the contract at issue was entered into on behalf of Computerage. In fact, it seems clear that the contract was entered into solely between Pierce and the Korner Company, and that at the time of contract formation, Computerage was not even contemplated.

█ Even if the contract was made on behalf of Computerage, the corporation must ratify the contract in order for liability to attach to the corporation. *Id.* "Ratification of a contract by one not a party to the contract requires that the ratifying party be in possession of all the material facts and act with such knowledge." *Solomon*, 317 A.2d 283; *see Star Corporation v. General Screw Products Company*, 501 S.W.2d 374, 380 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd, n.r.e.). Pierce, however, has failed to make a sufficient showing that Computerage ratified the design contract either expressly or impliedly by accepting the benefits of the contract with knowledge of all the material facts. *See Solomon*, 317 A.2d 283.

The only basis for ratification is Computerage's alleged use of the store facilities and Korner's knowledge of the contract. The facts indicate that Computerage was formed in order to *manage* the store. Although the assets of the Korner Company have apparently been liquidated, the pleadings do not indicate whether the contract rights were transferred to Computerage or whether it obtained any interest in the retail store itself. In addition, without more evidence as to the Korner Company's or Korner's stockholdings in and actual control over Computerage, the court cannot conclude that the knowledge of either Korner or the Korner Company concerning the material facts of the contract should be imputed to Computerage. *See Solomon*, 317 A.2d 283; *Star Corp.*, 501 S.W.2d at 380.

### Conclusion

Based upon the foregoing analysis, the court finds that Pierce has not offered sufficient evidence to justify the assertion of personal jurisdiction over Computerage in this action under the Texas long-arm statute. Since no state law provides for the assertion of jurisdiction in this case, it is unnecessary to analyze the assertion of jurisdiction over Computerage under principles of due process. In conclusion, Com-

puterage's motion to dismiss for lack of personal jurisdiction is GRANTED.

SO ORDERED.