## Wilkins v. Lake Meade Property Owners Assn., Inc.

*Robert J. Brown* and *Robert G. Bigham*, for plaintiffs.

*Robert E. Campbell*, for defendant.

MacPHAIL, P. J., December 29, 1972.—This matter is before us on plaintiffs' motion for judgment on the pleadings. In appropriate cases in equity, we are authorized to enter a judgment on the pleadings by virtue of the provisions of Pennsylvania Rules of Civil Procedure 1501 and 1034. The circumstances under which a judgment can be entered are limited. The case must be clear and free from doubt. There can be no essential facts in dispute and there can be no issue of fact. Moreover, the law is that all doubts should be resolved against the entry of such a judgment: 8 Standard Pa. Prac. §255, Equity Practice.

Our first obligation then is to determine what the facts are from the pleadings. Plaintiffs brought the action on behalf of themselves and others with similar interests. They allege that they are owners of real estate in a development known as Lake Meade Subdivision. They purchased four separate lots, three by deeds dated May 11, 1967, and the fourth by a deed dated July 25, 1968. Each deed sets forth an identical set of restrictions concerning the use of the lot and also provides that "each lot owner" in the subdivision shall be subject to an annual "charge" of $30 to be paid to Lake Meade Property Owners Association, its successors and assigns to be used to offset the cost of maintenance and upkeep of the various areas reserved for the use of property owners. Lake Meade Property Owners Association, Inc., is a nonprofit corporation. On March 19, 1971, at a duly called meeting of the members of that corporation, the bylaws of the corporation were amended to provide that "each member of the association shall be subject to an annual dues charge of $30 for each lot owned by such member. . . ."[1]

The net effect of the amendment to the bylaws is to require plaintiffs in this action to pay $120 per year to the corporation rather than the $30 they had been paying prior to the amendment. Plaintiffs say the amendment is invalid because it is contrary to the deed restrictions and they further aver that the vote on the amendment included votes by proxy which plaintiffs contend were not authorized by the bylaws. Plaintiffs ask that the bylaw amendment be declared to be invalid, that the court enjoin the corporation from enforcing the provisions of the bylaw amendment, that we decree

---

[1] The pertinent section of the bylaws prior to the amendment provided that "each voting member of this association shall be subject to an annual dues charge of $30 . . ."

that all members of the corporation upon the payment of $30 be entitled to all the privileges of membership in the corporation, and that we grant such other relief as may be appropriate. Defendant does not contest any of the basic facts alleged in the complaint with exception that it pleads a section of the bylaws which does authorize voting by proxy.

It is clear from the briefs of counsel and the oral argument heard in this matter that the sole issue to be resolved is the construction of the deed provision which obligates "each lot owner" to pay an annual charge of $30 to the corporation. Defendants contend the deed language is ambiguous and for that reason argue that no judgment can be entered without a trial. Plaintiffs contend that there is no issue of fact to be resolved.

We are completely satisfied that there is no dispute as to what the underlying facts are. The question is whether there is an issue *of fact* which, of course, can only be resolved by a trial. To put it another way, is there a possibility that a clearer picture will be gathered from a hearing? See Deemer v. General Materials Co., 25 Beaver 124 (1963).

There is no doubt that the corporation here met the technical requirements with respect to amending its bylaws. The question is whether there was any legal reason prohibiting them from adopting the kind of amendment which they did. A corporation cannot adopt bylaws which impair the obligation of its contracts or rights existing thereunder: McCloskey v. Charleroi Mountain Club, 390 Pa. 212 (1957). Provisions affecting property or contractual rights cannot be repealed or altered without the consent of the parties whose interests are thereby impaired: Moosic Lakes Club v. Gorski, 402 Pa. 640 (1961). The controversial covenant in the present case is one running

with the land and is binding upon the parties bene-
fited thereby: Bellevue Park Association v. Snyder, 25
Dauph. 337 (1931). From these legal principles we con-
clude that whatever the covenant means, it cannot be
changed by an amendment of defendant's bylaws.

There are really no legal guidelines available to us
to interpret what the deed covenant means. The lan-
guage itself seems very plain. It is not each *lot* that is
charged with the $30 assessment, rather, it is "each *lot
owner*" who is charged with the $30 assessment. Cf.
Bellevue Park Association v. Snyder, supra. A "lot
owner" could own 1, 2 or 60 lots and still be referred to
as a "lot owner." If the charge was intended to bind the
land rather than the person, it would have been easy
to so provide.[2] From the plain meaning of the words,
we conclude that when Mr. and Mrs. Wilkins bought
land in the Lake Meade Subdivision for residential
purposes, they thereby became members of Lake
Meade Property Owners Association and thereby sub-
jected themselves to an annual charge of $30 per year,
which money was to be used for the maintenance and
upkeep of the various areas reserved for the "property
owners." While it is true that plaintiffs received three
deeds for three lots on the same day, there is nothing
that would prohibit the inclusion of all three lots in one

---

[2] For example in the Bellevue Park Association case, supra,
the covenant read as follows, at page 337: "12. For the purpose of
providing and taking care of trees, shrubbery and grass in front of
private lots outside of lot lines, and for removing snow from the
street, sidewalks of private lots, and for the general and like care
of public lots and park reservations within the limits of Bellevue
Park, the land hereby conveyed shall be subjected to and pay a rate
per year as follows: Tract No. 1, $30; Tract No. 2, $56; . . . said
payments to be made quarterly to the Treasurer of the Bellevue
Park Association, until such times as the administering of the
above named duties shall be assumed by the city of Harrisburg."

deed and, therefore, we attach no particular significance to that aspect of the transaction. It is also true that if there was multiple ownership of a single lot, the question could be raised as to whether each such owner would be subject to the $30 assessment. While the question may be troublesome, its existence is not persuasive in a determination of the issue now before us.

Finally, we think it is of some importance that the bylaws prior to the amendment in 1971 provided simply that each voting member would be subject to an annual *dues* charge of $30. This conforms completely with our interpretation of the deed restriction.

After careful consideration of all these factors, we conclude that there is no dispute in the underlying facts and that there is no factual issue to be resolved in this case. A hearing could produce no testimony that would be helpful in resolving the issue before us. We cannot say with sincerity that the case is without its difficulties, but neither can we see how further proceedings will make our decision any easier or more correct.

## DECREE OF COURT

And now, December 29, 1972, plaintiffs' motion for judgment on the pleadings is granted. The amendment to article II, sec. 5(c), of the Lake Meade Property Owners Association, Inc., adopted March 19, 1971, is hereby declared to be invalid and unenforceable against persons purchasing lots in the Lake Meade Subdivision whose deeds contain restrictions identical to those set forth in plaintiffs' deed, their heirs and assigns, until such time as said restrictions shall be discontinued, amended or altered in accordance with the provisions of item 11 of such restrictions. The directors, officers and other persons acting under or for Lake Meade

Property Owners Association, Inc., are enjoined hereby from attempting to enforce the provisions of the aforesaid bylaw amendment against such persons. The record costs in this case to be paid by defendant.