## DeBruyne v. Lake Heritage
## Property Owners Association, Inc.

*F. Joseph Larkin,* for plaintiff.
*John W. Phillips,* for defendant.

MacPHAIL, *P.J.,* December 22, 1977—This matter is before us on cross motions for judgment on the pleadings (see stipulation of counsel dated September 15, 1977).

The essential facts are as follows:

1. Plaintiff is the owner of 11 lots in the Lake Heritage Subdivision by virtue of a deed of conveyance dated April 26, 1974, and attached to the complaint as Exhibit A. Each lot in said deed of conveyance was originally owned by Lake Heritage, Inc., and was conveyed subject to certain rights, reservations and restrictions as set forth in

the deed attached to plaintiff's complaint as Exhibit B.

2. Paragraph 8 of the said deed restrictions, rights and reservations imposes an annual charge of $30 against each grantee in the subdivision payable to Lake Heritage Property Owners Association, Inc. "for the maintenance and upkeep of the various areas reserved for the use of property owners."

3. It is provided also in the deed (paragraph 11) that the various restrictions, rights and reservations shall remain in full force and effect until January 1, 1976, after which time the same (with one exception) may be altered, amended or revoked by vote of a specified percentage of the property owners.

4. In 1973, Lake Heritage Property Owners Association, Inc., adopted by-laws which provided (in article XI, sec. 1, Exhibit 1, attached to defendant's answer) that the board of directors of the association would determine from time to time the amount of annual dues and assessments payable to the association by its members; that dues would be payable by each member; and that the assessments would be levied on each and every lot.

Plaintiff asks us to declare invalid the by-law relating to the fixing and paying of dues and assessments, to enjoin defendant from enforcing that by-law set forth and to decree that all lot owners in the subdivision, regardless of the number of lots owned, shall be entitled to membership in Lake Heritage Property Owners Association, Inc. upon payment of $30 annual dues.

Plaintiff relies heavily upon our decision in Wilkins v. Lake Meade Property Owners Association, Inc., 60 D. & C. 2d 670, 14 Adams 132 (1972).

Defendant would distinguish the issues in that case from those before us now and relies upon the provisions of the Nonprofit Corporation Law of November 15, 1972, P.L. 1063, 15 Pa.C.S.A. §7301 et seq.

In the Wilkins case, supra, defendant property owners association adopted a by-law to the effect that each member of the association would be subject to an annual dues charge of $30 for *each lot* owned by the member. We held that that by-law was an invalid attempt to change the provision set forth in plaintiff's deed which provided that each *lot owner* would pay an annual charge of $30 to the corporation. The deed covenants in that case are nearly identical with those in the present one. We perceived the issue in the Wilkins case to be whether the corporation could effectively change the $30 charge per lot holder to a $30 charge for each lot by adopting a by-law to that effect. We held that they could not.

Defendant here urges upon us that there is a difference between the charge imposed by the deed and the dues and assessments imposed by the by-laws. It is argued that the corporation has the right under the laws of Pennsylvania to adopt by-laws which authorize a board of directors to fix dues and assessments and that this is no infringement upon the charge imposed by the deed covenants. Certainly, we would not quarrel with the citation of defendant's authority for the proposition that a nonprofit corporation may levy dues and assessments upon its members. However, that authority is restricted to the extent that the corporate action may not impair any property or contractual rights to which the corporation is obligated prior to the adoption of those by-laws: Moosic Lakes Club v. Gorski,

402 Pa. 640, 168 A. 2d 343 (1961), and McCloskey v. Charleroi Mountain Club, 390 Pa. 212, 134 A.2d 873 (1957). We have little difficulty concluding that assessments against the land for maintenance and upkeep of land reserved for use of property owners were fixed by the rights, reservations and restrictions set forth in the deed and can only be altered in the manner prescribed by the deed. Therefore, the board's action in attempting to levy assessments on the basis of lot holdings is invalid.

The question of membership dues is not as clear. In the Wilkins case, supra, we held that when the lot owners purchased land in the Lake Meade Subdivision, they became members of the property owners association and were subject to the payment of the $30 charge imposed by the deed. In the deed now before us, as well as in the deed in the Wilkins case, it is provided (paragraph 8) that, ". . . . all persons owning lots in said subdivision *shall be* a member of said association." (Emphasis supplied.) We were of the opinion in the Wilkins case, supra, that the ownership of a lot made one a member of the property owners association without more. We affirm that opinion. In the Wilkins case we were of the opinion that the property owners association had no authority to impose dues based upon the number of lots owned in view of the charge imposed by the deed. However, in the case now before us, the by-law provides that dues shall be levied upon "each member of the association." This is a different problem than the one we addressed in the Wilkins case. Here, there is no attempt to impose dues based upon the number of lots owned which would be affecting the charges imposed by virtue of the deed but, rather, the by-law authorizes the board to fix dues based upon one's membership

in the association. We find nothing in the deed which would prevent the corporation from doing so. Accordingly, we hold this to be a permissible exercise of defendant's lawful corporate authority.

## DECREE

And now, December 22, 1977, plaintiff's motion for judgment on the pleadings is granted as to that part of article XI, sec. 1 of defendant's by-laws which authorizes the board of directors to determine the annual assessments to be levied upon each and every lot. Plaintiff's motion for judgment on the pleadings is denied as to that part of article XI, sec. 1 of defendant's by-laws which authorizes the board of directors to determine the amount of annual dues to be paid by members of the association.

Accordingly, it is ordered, adjudged and decreed that:

(a) That part of article XI, sec. 1 of the 1973 revised by-laws of the Lake Heritage Property Owners Association, Inc., which authorizes the board of directors to determine the annual assessments to be levied upon each and every lot is invalid.

(b) Lake Heritage Property Owners Association, Inc., its directors, officers, members and all other persons are enjoined hereby from enforcing or attempting to enforce that part of article XI, sec. 1 of the 1973 revised by-laws of the Lake Heritage Property Owners Association, Inc., which authorizes the board of directors to determine the annual assessments to be levied upon each and every lot.

(c) The costs of this proceeding shall be equally divided between the parties.

Unless exceptions are filed to this decree nisi as

provided by the Rules of Civil Procedure, the prothonotary shall, upon praecipe, enter the decree as a final decree in accord with the provisions of such rules.