**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   NV-16-1024-KiLDo |
| ILIA CHAROV, | Bk. No.   15-13297-mkn |
| Debtor. | Adv. No.   15-01107-mkn |
| ILIA CHAROV, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| BANK OF NEW YORK MELLON, SELECT PORTFOLIO SERVICING, INC., | |
| Appellees. | |

Submitted Without Oral Argument
on October 21, 2016,

Filed - December 20, 2016

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Mike K. Nakagawa, Bankruptcy Judge, Presiding

Appearances:   Appellant Ilia Charov, pro se, on brief; Chelsea A. Crowton of Wright, Finlay & Zak, LLP on brief for appellees Bank of New York Mellon and Select Portfolio Servicing, Inc.

Before:   KIRSCHER, LAFFERTY and DORE,[2] Bankruptcy Judges.

---

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2]   Hon. Timothy W. Dore, Bankruptcy Judge for the Western District of Washington, sitting by designation.

Former chapter 13[3] debtor, Ilia Charov ("Charov"), appeals an order dismissing his adversary complaint against appellees, the Bank of New York Mellon, f/k/a/ Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006-OC2, Mortgage Pass-through Certificates Series 2006-OC2 ("BONY") and Select Portfolio Servicing, Inc. ("Select"). For the reasons explained below, we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   Prepetition events**

**1.   Charov's loan with BONY's predecessor**

In 2005, Charov obtained a loan for $247,100 from GreenPoint Mortgage Funding, Inc. to purchase real property located in Maricopa County, Arizona ("Property"). As a condition of the loan, Charov signed a note and deed of trust ("DOT"), which was secured by the Property. The note and DOT were ultimately assigned through several recorded assignments to BONY in or about 2010. Select services the loan. Charov has admittedly not made a payment on the loan since August 2008.[4]

**2.   Charov's prior bankruptcy filings**

Between April 13, 2009, and June 5, 2015, Charov filed five chapter 13 bankruptcy cases in the District of Nevada. The bankruptcy court dismissed these cases for various reasons, including the failure to file required documents, schedules and a

---

[3]   Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[4]   According to the proof of claim filed by BONY, prepetition arrearages on the loan were $81,498.97.

-2-

statement of financial affairs, to pay filing fees, to attend the § 341(a) meeting, to commence plan payments and to file chapter 13 plans. On June 5, 2015, Charov filed his fifth case within three months of filing his fourth case and within seven days of the dismissal of the fourth case.

**B. Postpetition events**

On June 30, 2015, Charov, pro se, filed an adversary complaint against BONY and Select to determine the validity or extent of their claims against the Property. Charov alleged that he initiated the adversary proceeding to "determine the validity or extent of [BONY's and Select's] claim against the [Property]" and to determine whether Select by acting on behalf of BONY "is liable for being negligent **per se** under state and federal statutes[]" in asserting "aggressive claims against my property without first proving those claims adequately under state and federal law." (emphasis in original).

That same day, Charov filed an "Application for Preliminary Injunction" in the adversary proceeding, which sought an injunction to prevent a nonjudicial foreclosure of the Property apparently scheduled for July 8, 2015.[5] However, Charov never noticed the Application for hearing and no proof of service exists showing that BONY or Select were served with the Application.

On July 7, 2015, BONY moved for a comfort order in the main case stating that no stay was in effect under § 362(c)(3) due to Charov's instant case being his second bankruptcy case filed within the last year. Charov opposed the motion. The bankruptcy

---

[5] After the bankruptcy court dismissed the bankruptcy case, the record does not indicate whether any foreclosure occurred.

-3-

court entered the comfort order stating that the stay had expired and was no longer in effect as to the Property. The order dismissing Charov's adversary proceeding states that the stay expired as to Charov and the Property on July 5, 2015, by operation of law under § 362(c)(3)(A).

On July 22, 2015, the chapter 13 trustee moved to dismiss Charov's bankruptcy case under § 1307(c)(3) for failure to timely file a plan; the deadline to file a plan expired on June 19, 2015. A hearing on the dismissal motion was set for August 27, 2015.[6]

On July 28, 2015, BONY filed its proof of claim for $327,806.46 based on its debt secured by the Property. BONY asserted that its debt was fully secured, even though Charov had valued the Property at $314,000 in his Schedule A.

On August 12, 2015, Charov filed an objection to BONY's claim, but never noticed the matter for hearing.[7] It also appears he never served the objection on BONY or Select. Charov questioned BONY's standing as a creditor, alleging that BONY had failed to bring forth an authenticated copy of the note and DOT.

On September 1, 2015, the bankruptcy court entered an order dismissing Charov's bankruptcy case. He did not appeal the dismissal order. Subsequently, the court closed the case. Later the court administratively reopened the case solely with respect to Charov's remaining adversary proceeding against BONY and

---

[6] Charov did not oppose the trustee's motion to dismiss or appear at the hearing on August 27, 2015.

[7] Based on his asserted claim that English is his second language, Charov requested that no hearing be held. Unfortunately for Charov, claim objections require hearings per Rule 3007(a) and Local Bankruptcy Rule 3007(b).

-4-

Select.

On November 13, 2015, BONY and Select moved to dismiss Charov's adversary complaint under Civil Rule 12(b)(6), incorporated in Rule 7012(b), for its failure to state a claim or, alternatively, for a more definite statement under Civil Rule 12(e), incorporated in Rule 7012(b). Defendants contended that BONY had a valid lien against the Property as evidenced by the recorded DOT and assignments. To the extent Charov was asking defendants to present the original note prior to any nonjudicial foreclosure, defendants contended they were not required to do so under Arizona law.

Charov opposed BONY and Select's motion to dismiss the adversary complaint. Besides his repeated standing argument, much of Charov's argument was based on his erroneous view of civil procedure or substantive law. BONY and Select noted these deficiencies in their reply.[8]

Charov did not appear at the hearing on the motion to dismiss the adversary complaint on January 14, 2016. We do not have a transcript from that hearing and it is not available on the docket. The bankruptcy court took the matter under submission.

On January 15, 2016, the bankruptcy court entered an order denying BONY and Select's motion to dismiss under Civil Rule 12(b)(6), but nevertheless dismissed the adversary complaint. Specifically, the court determined:

---

[8] BONY and Select spent a great deal of time in their reply discussing Nevada nonjudicial foreclosure law. However, because the Property is located in Arizona and the DOT states that Arizona law governs, Arizona law governs. In any event, it does not matter because the bankruptcy court dismissed the adversary proceeding on an entirely different basis.

-5-

Because the Debtor's Chapter 13 proceeding has been dismissed, no bankruptcy relief presently is being sought. The order dismissing the Debtor's case has not been appealed. No distribution will be made on the [proof of claim]. Thus, the validity, extent or priority of Defendants' interest in the Arizona Property has no relationship to any bankruptcy matter or case before this court.

. . . .

Absent any connection with a bankruptcy matter before this court, the claims set forth in the Complaint reflect only a two-party dispute governed by Arizona law involving real property located in Maricopa County, Arizona.

Under these circumstances, dismissal of the Complaint is appropriate. Such dismissal, however, will be without prejudice to the Debtor presenting his claims, if any, in an appropriate non-bankruptcy forum. No further adversary proceedings may be commenced in connection with Case No. 15-13297.

Charov timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (K). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Did the bankruptcy court abuse its discretion in dismissing Charov's adversary complaint given that his underlying bankruptcy case had been dismissed?

## IV. STANDARDS OF REVIEW

We review a bankruptcy court's decision not to exercise jurisdiction over an adversary proceeding following the dismissal of the underlying bankruptcy case for an abuse of discretion. Carraher v. Morgan Elec., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992); Davis v. C.G. Courington (In re Davis), 177 B.R. 907, 910-11 (9th Cir. BAP 1995). Likewise, we review the

-6-

bankruptcy court's sua sponte dismissal of an action for an abuse of discretion. Snell v. Cleveland, Inc., 316 F.3d 822, 825 (9th Cir. 2002). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any ground supported by the record, regardless of whether the bankruptcy court relied upon, rejected or even considered that ground. Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014).

## V. DISCUSSION

**The bankruptcy court did not abuse its discretion in dismissing the adversary proceeding.**

Charov's argument on appeal consists of two short paragraphs. Interpreting his pro se brief liberally as we must, Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990), Charov argues that in light of 28 U.S.C. § 157(c)(1),[9] because the matters before the bankruptcy court in the adversary proceeding were "non-core," the court lacked authority to enter a final order dismissing the adversary proceeding; rather, it was required to

---

[9] 28 U.S.C. § 157(c)(1) provides:

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

submit proposed findings of fact and conclusions of law to the district court. In other words, he contends the bankruptcy court had no authority or discretion to dismiss the adversary proceeding.

We disagree with Charov that the claims at issue in the adversary proceeding were non-core. Among the list of "core" proceedings is the determination of the validity, extent or priority of liens against property of the estate. 28 U.S.C. § 157(b)(2)(K). Additionally, Charov's allegations stated in his adversary complaint raise claims concerning the extent of BONY's and Select's interest in the Property and their standing. Thus, Charov raised issues concerning the allowance or disallowance of any claims asserted by BONY or Select against property of the estate, even though he failed to properly notice his previous objection to BONY's proof of claim.[10] 28 U.S.C. § 157(b)(2)(B). Charov's allegations, even though based on state law claims, arose in his bankruptcy case.

Even though the underlying bankruptcy case was later dismissed, the bankruptcy court had "core" jurisdiction over the adversary proceeding when it was filed. See Linkway Inv. Co. v. Olsen (In re Casamont Inv'rs, Ltd.), 196 B.R. 517, 521 (9th Cir. BAP 1996) ("Jurisdiction is determined as of the commencement of the action."). Bankruptcy courts are empowered to enter final judgments in "core proceedings." 28 U.S.C. § 157(b)(2). A matter may be a core proceeding even if state law may affect its outcome. Bronson v. Thompson (In re Bronson), 2016 WL 5956642, at *4 (9th

---

[10] The record fails to establish that Charov ever exempted the Property.

Cir. BAP Oct. 12, 2016) (citing 28 U.S.C. § 157(b)(2), (3); Marshall v. Stern (In re Marshall), 600 F.3d 1037, 1054 (9th Cir. 2010), aff'd, 564 U.S. 462 (2011)). Thus, Charov is mistaken that the bankruptcy court was required to submit proposed findings and conclusions with respect to his claims to the district court.[11]

While the main case was pending, Charov's claims asserted in his adversary complaint potentially affected the confirmation of his chapter 13 plan and the treatment of his creditors' claims in his chapter 13 plan. However, when his case was dismissed, his state law claims remained, but such claims no longer affected confirmation or the treatment of his creditors' claims. Circuit authority instructs us that dismissal of the main bankruptcy case does not necessarily end an adversary proceeding seeking relief on state law theories. See Carraher, 971 F.2d at 328.

In Carraher, the Ninth Circuit recognized the bankruptcy court's discretion to retain jurisdiction over related state law claims once the underlying bankruptcy case has been dismissed. Id. Since Charov's state law claims may form the bases for either arising in or related to jurisdiction depending on the effect the claims may have had during the pendency of the bankruptcy case, we conclude the four Carraher factors should be applied in this instance. In deciding whether to retain jurisdiction, the bankruptcy court must consider economy, convenience, fairness and

---

[11] Even if Charov is correct and his claims are non-core, the bankruptcy court had authority to enter an order dismissing the adversary proceeding without prejudice. The bankruptcy court's decision to decline to retain jurisdiction is a decision not to hear the proceeding and, thus, does not trigger 28 U.S.C. § 157(c)(1)'s requirement to submit the order with proposed findings and conclusions to the district court.

-9-

comity. Id. "The [bankruptcy] court's weighing of these factors is discretionary." Id. Although the bankruptcy court did not expressly refer to Carraher or its four factors to dismiss the adversary proceeding, we may affirm on any ground supported by the record. Fresno Motors, LLC, 771 F.3d at 1125. We therefore examine whether the court abused its discretion in dismissing the adversary under Carraher.

Judicial Economy. The adversary proceeding had been pending for about six months when the bankruptcy court decided to dismiss it without prejudice.[12] Essentially, other than BONY and Select's motion to dismiss Charov's complaint and Charov's opposition to dismissal, no discovery or briefing had occurred; nor was any court time expended on the issues. A state court (or district court if diversity is shown) could just as efficiently determine the validity or extent of BONY's and Select's lien or other interest in the Property under Arizona law. And, the state court is presumed to have more familiarity with such issues. Accordingly, the record supports dismissal under this factor.

Convenience. It does not appear on the record that a proceeding in state court would be inconvenient for the parties. Although the Property is located in Arizona, both Charov and counsel for BONY and Select are in Las Vegas. Thus, a state court in Las Vegas would be as convenient as the bankruptcy court. Charov can easily re-file his complaint in state court and BONY and Select can simply re-file their motion to dismiss. This

---

[12] As noted by the bankruptcy court, it dismissed Charov's adversary proceeding without prejudice so Charov would be able to commence future litigation in a nonbankruptcy forum.

-10-

factor supports dismissal or, at worst, is neutral.

*Fairness*. Nothing in the record indicates that it would be unfair to make Charov pursue his claims against BONY and Select in state court. However, some delay would be involved. Thus, this factor appears neutral or would perhaps weigh in favor of the bankruptcy court retaining jurisdiction.

*Comity*. This factor clearly supports dismissal. As noted by the bankruptcy court, the adversary complaint reflected only a two-party dispute governed by Arizona law involving real property in Arizona. In addition, the bankruptcy estate no longer had any interest in the outcome of Charov's claims against BONY and Select regarding their interest in the Property, as the Property was no longer property of the estate and its disposition would have no impact on the administration of Charov's dismissed chapter 13 case.

Because the *Carraher* factors support dismissal, we conclude that the bankruptcy court did not abuse its discretion in dismissing Charov's adversary proceeding.[13]

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.

_____

[13] It also bears noting, although we are not deciding this matter on this basis, that as a consequence of the Supreme Court's decision in *Wellness International Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948 (2015), which concluded that parties to a dispute could waive an objection to the entry of a dispositive order by a non-Article III Judge by conduct indicating an acquiescence in such a Judge disposing of the matter, Charov may well have waived the grounds for his appeal in this instance by electing to have this appeal determined by this Court, instead of opting for a determination by the District Court.

-11-